UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT MICHAEL FREDERICK,

                Plaintiff,

        -against-

U.S.A.,

                Defendant.

24-CV-1626 (LTS)

ORDER DIRECTING ORIGINAL SIGNATURE AND PAYMENT OF FEES OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. Plaintiff submitted the complaint without the filing fees, but with IFP application that he did not complete or sign.[1] Additionally, Plaintiff's complaint is unsigned.

    Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

    Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit a completed and signed amended IFP application and resubmit the signature page of the complaint. Plaintiff must answer all the questions on the two-page IFP application for the Court to determine whether he has sufficient resources to pay the filing fees. If the Court grants the

---

[1] Plaintiff did not answer any of the questions on the two-page IFP application.

amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). If Plaintiff submits the amended IFP application and resubmits the signature page of the complaint with an original signature to the court within thirty days of the date of this order, they should be labeled with docket number 24-CV-1626 (LTS). An amended IFP application form and a copy of the signature page are attached to this order.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 4, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge